# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE MANN INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-2384 |
| v. | (JUDGE CAPUTO) |
| SUSAN COMERFORD WZOREK, | |
| Defendants. | |

## **MEMORANDUM ORDER**

Presently before the Court are two motions by Plaintiff Horace Mann Insurance Company ("Horace Mann"): (1) Plaintiff Horace Mann Insurance Company's Motion for Entry of Default Judgment Against Defendant Susan Comerford Wzorek (Doc. 5); and (2) Plaintiff's Motion for Summary Judgment (Doc. 17). Horace Mann filed its Complaint on December 4, 2009, seeking a declaratory judgment that it had no duty to defend or indemnify Defendant Susan Comerford Wzorek ("Wzorek") pursuant to an insurance contract between the parties. Pursuant to Federal Rule of Civil Procedure 12, Wzorek was required to file an answer or otherwise respond within twenty-one (21) days from the date she was served. Fed. R. Civ. P. 12(a)(1)(A)(i). On February 18, 2010, the Clerk of Court filed an Entry of Default against Wzorek. (Doc. 8.) As of the date of this Memorandum Order, Wzorek has not answered, filed a response, or had any communications with this Court regarding this action.

1

Plaintiff's first motion requests that default judgment be entered against Wzorek pursuant to Federal Rule of Civil Procedure 55. Rule 55 states that after default has been entered by the Clerk of Court, unless the action is for a sum certain or a sum which may be made certain by computation, a party seeking default judgment must apply to the court. Fed. R. Civ. P. 55(b)(2). Default is a sanction of last resort that is disfavored in the Third Circuit. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ("we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable"). A district court must consider three (3) factors before entering default judgment: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A district court must make explicit findings concerning these factors. *Emcasco Ins. Co.*, 834 F.2d at 75.

Applying these factors to the present action, I find that entry of default judgment is appropriate here. First, there is a risk of prejudice to Horace Mann if default is denied. Without resolution of this declaratory judgment action, Horace Mann would be forced to either pay the costs of defending the underlying litigation, or if it refused, to pay the resulting costs without having any control of the underlying defense. Second, after reviewing the language of the contract at issue and Horace Mann's arguments, it does not appear that Wzorek has a litigable defense to this action. Third, Wzorek's delay may be considered culpable conduct. Wzorek has failed to answer the initial complaint, failed to become involved after the plaintiffs in the underlying action sought to intervene (Docs. 9, 10), and

failed to respond to the presently pending summary judgment motion (Doc. 17). Furthermore, Wzorek has not communicated with this Court regarding this action, despite having extensive contact with the Court in the underlying action. (*See Vicky M. v. Northeastern Education Intermediate Unit 19*, No. 3:06-cv-1898.)

Considering these factors, I find that default judgment is appropriate here. Horace Mann's motion for default, will be granted. In light of this, Horace Mann's motion for summary judgment will be denied as moot.

**NOW**, this 24th day of August, 2010, **IT IS HEREBY ORDERED** that:

(1) Plaintiff Horace Mann Insurance Company's Motion for Entry of Default Judgment Against Defendant Susan Comerford Wzorek (Doc. 5) is **GRANTED**.

(2) Plaintiff's Motion for Summary Judgment (Doc. 17) is **DENIED AS MOOT**.

(3) The Clerk of Court is directed to mark this case as **CLOSED**.

          /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge